**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **ANGELA WALKER,** | CASE NO. 3:24 CV 2091 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **NICHOLAS DANIELSKI, et al.,** | |
| Defendants. | **ORDER** |

Currently pending before the Court is Defendants Hunter Baum and Nicholas Danielski's Motion for Summary Judgment. (Doc. 30). In response, *pro se* Plaintiff Angela Walker filed a Rule 54(d) Declaration / Motion (Doc. 31) and Defendants responded thereto (Doc. 32).

In her Motion, Plaintiff contends she "cannot properly respond to summary judgment because the defendants have not answered discovery." (Doc. 31, at 1). Plaintiff cites certain interrogatories and requests for production she asserts Defendants did not answer. *See id.* at 1-2.[1] Defendants respond that Plaintiff's failure to raise this discovery dispute earlier bars her Motion or, alternatively, Plaintiff's substantive complaints regarding Defendants' discovery responses are unfounded. (Doc. 32, at 3). The Court agrees with Defendants.

Federal Civil Rule 56(d) provides:

(d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
    (1) defer considering the motion or deny it;
    (2) allow time to obtain affidavits or declarations or to take discovery; or
    (3) issue any other appropriate order.

---

1. Defendants attach an email Plaintiff sent to defense counsel on February 18, 2026, asserting Defendants' discovery responses were "evasive." (Doc. 32-1).

Fed. R. Civ. P. 56(d). The determination on a Rule 56(d) motion is within the district court's discretion. *In re Bayer Healthcare & Merial Ltd. Flea Control Prods. Mktg. & Sales Practices Litig.*, 752 F.3d 1065, 1074 (6th Cir. 2014). The Sixth Circuit has "cited approvingly other circuits' view that '[a] . . . motion requesting time for additional discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence.'" *Doe v. City of Memphis*, 928 F.3d 481, 490-91 (6th Cir. 2019) (quoting *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623 n.7 (6th Cir. 2014)) (alterations in original). There are five factors to consider in a Rule 56(d) motion:

> (1) when the appellant learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would have changed the ruling below; (3) how long the discovery period had lasted; (4) whether the appellant was dilatory in its discovery efforts; and (5) whether the appellee was responsive to discovery requests.

*CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008) (quoting *Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1196-97 (6th Cir. 1995)) (the "*Plott* factors"). But the "main inquiry is 'whether the moving party was diligent in pursuing discovery.'" *Doe*, 928 F.3d at 491 (quoting *E.M.A. Nationwide, Inc.*, 767 F.3d at 623); *see also Wilson v. Ebony Constr. LLC*, 2018 WL 4743063, at *5 (S.D. Ohio) ("[T]hree of the five *Plott* factors hinge on issues of timeliness and diligence," i.e., the first, third, and fourth factors.).

The Court finds the *Plott* factors counsel against granting Plaintiff's Motion. First, the Court finds Plaintiff has not shown diligence. Discovery in this case ran from August 2025 to a deadline of February 24, 2026. (Doc. 21). Defendants' Motion for Summary Judgment was filed on March 18, 2026, over three weeks after discovery closed. At no point did Plaintiff notify the Court of a discovery dispute or file a motion to compel. This weighs against granting her the relief she seeks. *See e.g. Schaffer by Schaffer v. A.O. Smith Harvestore Prods., Inc.*, 74 F.3d 722, 732

2

(6th Cir. 1996) (finding relief under Rule 56(f) [the predecessor to Rule 56(d)] was not warranted when the plaintiff did not bring the defendants' alleged numerous failures to comply with discovery requests to the attention of the court in a timely manner); *Williams v. Schismenos*, 2017 WL 1024034, at *4 (N.D. Ohio) (finding additional discovery not warranted where the "[p]laintiff also waited more than a month after discovery had closed and summary judgment was pending to allege a discovery dispute. [Such] dilatory conduct weigh[ed] heavily against delaying th[e] case any further."); *West v. Farmakeio Superior Compound Pharmacy*, 2025 WL 1891685, at *4 (M.D. Tenn.) ("Plaintiff's response to the motion for summary judgment is simply not the proper time to present a lack of discovery argument that should have been presented at an earlier time through a motion to compel."), *report and recommendation adopted*, 2025 WL 2104802; *Tippins v. Immel*, 2019 WL 8407448, at *3 (W.D. Mich.) ("Tippins states that he needs more time for discovery because Defendants did not properly respond to some of his discovery requests. But Tippins failed to properly raise any of these issues in a motion to compel."), *report and recommendation adopted sub nom.*, *Tippins v. Washington*, 2020 WL 614044.

Second, the Court finds Plaintiff has not substantively explained "that, for specified reasons, [she] cannot present facts essential to justify [her] opposition." Fed. R. Civ. P. 56(d). Plaintiff simply contends Defendants "have not answered discovery," citing specific interrogatories and requests for production. (Doc. 31, at 1-2). However, upon review of the cited discovery requests, the Court finds Defendants have complied with the discovery rules in their responses. *See* Doc. 30-3 (Defendants' discovery responses); Fed. R. Civ. P. 33, 34. "Under Rule 56(d), the burden is on the non-movant to demonstrate its inability to present facts essential to its opposition with specificity." *Joseph v. Joseph*, 2018 WL 11433008, at *4 (S.D. Ohio).  A district court does not abuse its discretion in denying a Rule 56(d) motion when the motion fails to identify,

with specificity, how additional discovery would permit the non-movant to identify a genuine issue of material fact. *See Bramlage v. Wells Fargo Home Mortg., Inc.*, 144 F. App'x 489, 494 (6th Cir. 2005). Plaintiff simply has not done so here.

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Rule 56(d) Motion (Doc. 31) be, and the same hereby is, DENIED; and it is

FURTHER ORDERED that Plaintiff shall have until May 8, 2026, to file any opposition brief[2] to Defendants' Motion for Summary Judgment (Doc. 30); Defendants shall have 14 days thereafter for any reply.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: April 20, 2026

---

2. It is unclear if Plaintiff also intended her Rule 56(d) Motion to serve as an opposition brief, as she attached various exhibits. *See* Docs. 31-1 to 31-4.

4