**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**ANGELA WALKER,**

Plaintiff,

v.

**NICHOLAS DANIELSKI, et al.,**

Defendants.

CASE NO. 3:24 CV 2091

JUDGE JAMES R. KNEPP II

**MEMORANDUM OPINION AND ORDER**

## INTRODUCTION AND BACKGROUND

This case arises out of a September 3, 2023, traffic stop of Darnell Henson, Sr., and his passenger, Plaintiff Angela Walker, by Lucas County Deputies. *See* Docs. 1, 11.[1] Remaining in the case are Plaintiff's claims that Defendants lacked probable cause for the traffic stop and unreasonably prolonged the traffic stop to bring a drug dog to sniff the car. *See* Doc. 20, at 22 ("Plaintiff's Fourth and Fourteenth Amendment claims against Baum and Danielski regarding the lack of probable cause and prolonging of the traffic stop may proceed; all other claims asserted against the County Defendants are dismissed.").

Currently pending before the Court is Defendants Lucas County Deputy Sheriffs Nicholas Danielski and Hunter Baum's Motion for Summary Judgment. (Doc. 30). Plaintiff opposes (Doc. 35), and Defendants reply (Doc. 36). Jurisdiction is proper under 28 U.S.C. § 1331. For the reasons set forth below, Defendants' Motion is granted.

---

1. Henson brings a separate but related case arising out of the same stop. *See Henson v. Baum*, No. 24 CV 2089 (N.D. Ohio).

## Standard of Review

Summary judgment is appropriate where there is "no genuine dispute as to any material fact" and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, the Court must draw all inferences from the record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court is not permitted to weigh the evidence or determine the truth of any matter in dispute; rather, the Court determines only whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The moving party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

This burden "may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id.* The nonmoving party must go beyond the pleadings and "present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson*, 477 U.S. at 257; *see also* Fed. R. Civ. P. 56(c)(1). Further, the nonmoving party has an affirmative duty to direct the Court's attention to those specific portions of the record upon which it seeks to rely to create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(3) (noting the court "need consider only the cited materials").

## Discussion

Defendants assert they are entitled to qualified immunity and summary judgment on the two remaining claims in this case: (1) whether they had probable cause/reasonable suspicion for the original traffic stop; and (2) whether they unreasonably prolonged that stop. *See* Doc. 30, at 8-13. In response, Plaintiff argues issues of fact preclude summary judgment and contends under

Federal Civil Rule 56(d), the Court should deny or defer decision on the motion due to outstanding discovery. (Doc. 35).[2] For the reasons set forth below, the Court finds Defendants are entitled to summary judgment.

Rule 56(d)

Plaintiff contends Defendants' Motion is premature due to incomplete discovery. *See* Doc. 35, at 6-7. Federal Civil Rule 56(d) provides:

> (d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

The affidavit or declaration must "indicate to the district court [the movant's] need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Zakora v. Chrisman*, 44 F.4th 452, 479 (6th Cir. 2022) (quoting *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000)); *see also Pro-Tow, Inc. v. Southlake Specialty Ins.*, 2026 WL 2727889, at *3 (S.D. Ohio) ("Accordingly, a Rule 56(d) motion must do more than assert that discovery is needed; it must identify the facts it hopes to uncover that would support its opposition to summary judgment."). "Bare allegations or vague assertions of the need for discovery are not enough" and the movant "must state with 'some precision the materials he hopes to obtain with further discovery, and exactly how he expects those materials would help him in opposing summary judgment.'" *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004) (quoting *Simmons Oil Corp. v. Tesoro Petrol. Corp.*, 86 F.3d 1138, 1144 (Fed. Cir. 1996)).

---

2. Prior to her opposition brief, Plaintiff filed a motion pursuant to Rule 54(d) (Doc. 31), which this Court denied (Doc. 33).

The determination on a Rule 56(d) motion is within the district court's discretion. *In re Bayer Healthcare & Merial Ltd. Flea Control Prods. Mktg. & Sales Prac. Litig.*, 752 F.3d 1065, 1074 (6th Cir. 2014). Courts consider five factors: (1) when the movant learned of the issue that is the subject of the desired discovery; (2) whether the discovery would change the outcome; (3) how long the discovery period lasted; (4) whether the movant was dilatory in discovery efforts; and (5) whether the opposing party was responsive to discovery requests. *See CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008) (quoting *Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1196-97 (6th Cir. 1995)) (the "*Plott* factors"). But the "main inquiry is 'whether the moving party was diligent in pursuing discovery.'" *Doe v. City of Memphis*, 928 F.3d 481, 491 (6th Cir. 2019) (quoting *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623 (6th Cir. 2014)).

Prior to her summary judgment opposition brief, Plaintiff filed a separate Rule 56(d) Motion. (Doc. 31). The Court denied that Motion, finding both Plaintiff had not shown diligence and the Motion failed to identify, with specificity, how additional discovery would permit her to identify a genuine issue of material fact. *See* Doc. 33. In the Order denying Plaintiff's Motion, the Court granted Plaintiff additional time to file her opposition to Defendants' summary judgment motion. *Id.* at 4.

In her opposition brief, Plaintiff continues to argue Defendants "filed their motion while failing to comply with discovery obligations" and she "has not had a full and fair opportunity to obtain evidence essential to oppose summary judgment." (Doc. 35, at 6). She contends she needs body and dash camera footage, officer reports and internal documentation, depositions of Defendant Officers, and policies governing searches of passengers. *See id.* at 2. She contends Defendants have "refus[ed]" to produce this discovery. *Id.* at 7. She also asserts that, contrary to the Court's prior determination, she diligently attempted to resolve these discovery disputes prior

to the discovery deadline. *See id.* at 3; *see also* Doc. 34.[3] However, even assuming Plaintiff was diligent in her pursuit of the now-requested discovery, she has still failed to provide more than "[b]are allegations or vague assertions of the need for discovery." *Summers*, 368 F.3d at 887. Rather, Plaintiff conclusorily argues Defendants have failed to comply with their discovery obligations. *See* Doc. 35, at 6, 7; Doc. 34. This is insufficient. Accordingly, Plaintiff's Rule 56(d) request is denied.

§ 1983 / Qualified Immunity

Turning to the substance of Defendants' Motion and Plaintiff's opposition, Plaintiff argues Defendants violated her rights by searching her purse "without consent, a warrant, or probable cause" and that the initial stop was unlawfully prolonged for a dog sniff. (Doc. 35, at 5).

To state a claim under 42 U.S.C. § 1983, a plaintiff must identify the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).

Qualified immunity "spares officers from 'the time, expense and risk of money-damages actions' unless they violate clearly established constitutional rights.'" *Moore v. Oakland Cnty.*, 126 F.4th 1163, 1167 (6th Cir. 2025) (quoting *Hagans v. Franklin Cnty. Sheriff's Off.*, 695 F.3d 505, 508 (6th Cir. 2012)). Unlike other affirmative defenses, a plaintiff bears the burden of overcoming qualified immunity once a defendant raises it. *See Crawford v. Tilley*, 15 F.4th 752, 760 (6th Cir. 2021). To do so, a plaintiff must demonstrate: (1) the officers violated the

3. Plaintiff references emails sent to the Court. *See* Doc. 35, at 3; *see also* Doc. 34, at 2-3. But she does not attach the emails, and the Court has verified no such emails were ever received.

plaintiff's constitutional right; and (2) the right was clearly established at the time of the violation. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The Court retains discretion to address each element in either order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

For the reasons set forth below, the Court finds Plaintiff has not demonstrated a dispute of fact regarding whether Defendants violated her constitutional rights.

*Initial Traffic Stop*

Defendants first contend they are entitled to qualified immunity and summary judgment on Plaintiff's claim that the traffic stop violated her constitutional rights because the undisputed record demonstrates there was probable cause for the traffic stop. Plaintiff does not directly respond to this argument regarding the constitutionality of the stop. The Court agrees with Defendants.

The Fourth Amendment's protection against unreasonable searches and seizures, made applicable to the states through the Fourteenth Amendment, protects individuals from traffic stops when the officer lacks probable cause to believe that a civil infraction occurred or reasonable suspicion that a crime is being committed. *See United States v. Blair*, 524 F.3d 740, 748 (6th Cir. 2008); *United States v. Jackson*, 682 F.3d 448, 453 (6th Cir. 2012) ("It is well established that a police officer lawfully may stop a car when he has probable cause to believe that a civil traffic violation has occurred, or reasonable suspicion of an ongoing crime."). "Probable cause is a reasonable ground for belief supported by less than prima facie proof but more than mere suspicion." *Blair*, 524 F.3d at 748.

In the traffic stop context, the probable cause determination "is fact-dependent and will turn on what the officer knew *at the time he made the stop*." *United States v. Ferguson*, 8 F.3d 385, 391 (6th Cir. 1993). "[S]o long as the officer has probable cause to believe that a traffic

violation has occurred or was occurring, the resulting stop is not unlawful and does not violate the Fourth Amendment." *Id.* And the Fourth Amendment "allows 'police officers to stop vehicles for any infraction, no matter how slight, even if the officer's real purpose was a hope that narcotics or other contraband would be found as a result of the stop.'" *United States v. Warfield*, 727 F. App'x 182, 188 (6th Cir. 2018) (quoting *United States v. Mes*a, 62 F.3d 159, 162 (6th Cir. 1995)).

Ohio law provides "[n]o person shall drive or move, or cause or knowingly permit to be driven or moved, on any highway any vehicle or combination of vehicles which is in such unsafe condition as to endanger any person." Ohio Rev. Code § 4513.02(A).

Here, the undisputed factual record demonstrates Henson's vehicle had a cracked windshield at the time of the stop and Baum issued Henson a citation for driving an unsafe vehicle under the above-cited statute. *See* Doc. 1, at 17; *State of Ohio v. Henson*, No. TRD2303275A (Sylvania Mun. Ct.); Doc. 30-1, at 23 (Plaintiff's statement that Baum told Henson that he saw the vehicle had a cracked windshield); Doc. 30-3, at 3 (Baum's admission that when he approached Henson's vehicle he stated, "I noticed you have a crack[ed] windshield."); *Henson v. Baum*, No. 24 CV 2089 (N.D. Ohio) (Doc. 45-1, at 11) (Henson's admission that he told a Defendant Deputy that he would repair and fix the cracked window).

Plaintiff presents no evidence disputing the above nor any argument that the initial stop was unconstitutional. *See* Doc. 35; *see also DiLuzio v. Vill. of Yorkville*, 796 F.3d 604, 609 (6th Cir. 2015) (explaining that a plaintiff opposing summary judgment on qualified immunity grounds must present sufficient evidence to create a genuine issue of fact). Because Plaintiff has not established a question of fact regarding whether Baum had probable cause for the traffic stop,

the Court finds Defendants entitled to summary judgment on Plaintiff's claim regarding the initial stop.

*Extension of Traffic Stop*

Next, Defendants contend they are entitled to qualified immunity and summary judgment on Plaintiff's claim that they unconstitutionally prolonged the traffic stop. This is so, they argue, because (1) the traffic stop was not prolonged, and (2) even if it was, the officers had the requisite reasonable suspicion to support doing so. (Doc. 30, at 12-13). Plaintiff responds the length of the stop "exceed[ed] the scope of the original suspicion." (Doc. 35, at 8).

"A lawful roadside stop begins when a vehicle is pulled over for investigation of a traffic violation." *Arizona v. Johnson*, 555 U.S. 323, 333 (2009).

> Generally, a dog sniff does not require separate reasonable suspicion because it is not a search under the Fourth Amendment. If a dog sniff is conducted while someone is otherwise properly seized, such as in a lawful traffic stop, the dog sniff may render an otherwise lawful seizure unlawful only if it unreasonably prolongs the initial stop and the officer lacked an independent reasonable suspicion to extend the stop.

*United States v. Stepp*, 680 F.3d 651, 663 (6th Cir. 2012) (internal citation omitted). In *Rodriguez v. United States*, the Supreme Court held officers may not prolong a traffic stop to have a drug dog sniff a car—a crime detecting action not ordinarily incident to a traffic stop—absent independent reasonable suspicion to detain the motorist. 575 U.S. 348, 354-57 (2015). A traffic stop must "last no longer than is necessary to effectuate th[e] purpose" of the stop. *Id.* at 354 (quotation omitted). Legitimate purposes include looking for a valid license and registration, checking for outstanding warrants, and "attend[ing] to related safety concerns." *Id.* at 354–55. While an officer may "conduct certain unrelated checks," he may not do so in a manner that "measurably extend[s] the duration of the stop." *Id.* at 355 (quotation omitted). "Authority for the seizure [ ] ends when tasks tied to the traffic infraction are—or reasonably should have

been—completed." *Id.* at 354."The reasonableness of a seizure . . . depends on what the police in fact do." *Id.* at 357. "The critical question . . . is not whether the dog sniff occurs before or after the officer issues a ticket . . . but whether conducting the sniff 'prolongs'—*i.e.,* adds time to—'the stop.'" *Id.*

Defendants contend Plaintiff cannot demonstrate the traffic stop was unconstitutionally prolonged. They contend this is so because "to the extent the September 3, 2023 traffic stop was extended beyond the time of a normal traffic stop, that extension was supported by reasonable suspicion." (Doc. 30, at 10). Because Defendants have raised qualified immunity, Plaintiff "bears the burden of overcoming" that standard. *Crawford*, 15 F.4th at 760. To do so, she must demonstrate: (1) the officers violated a constitutional right; and (2) the right was clearly established at the time of the violation. *Saucier*, 533 U.S. at 201.

Plaintiff has not met her burden here. In his sworn discovery responses, Baum explains officers suspected that, at the time he was stopped, Henson "was trying to purchase, or just had purchased, controlled substances." (Doc. 30-3, at 6). As a basis for such suspicion, Baum explains:

> (a) [W]e were aware of a house (unknown address) in the area of the traffic stop where controlled substances were being purchased (one of the reasons why we were in the area that day); (b) [Henson's] driving pattern just before the stop which, in my law enforcement experience, was indicative of drug activity—first, signaling for a turn then continuing driving after seeing my marked cruiser, and second, driving in a circle after my marked cruiser was behind them; (c) that same day[,] another motorist was stopped in that area . . . driving in a similar strange manner; and (d) a search of [the other driver's] car revealed controlled substances.

*Id.* at 6-7.

"Reasonable suspicion is more than an ill-defined hunch; it must be based upon a particularized and objective basis for suspecting the particular person of criminal activity." *United States v. Shank*, 543 F.3d 309, 313 (6th Cir. 2008) (citation modified). "If the officer has

a reasonable and articulable suspicion of criminal activity, he may extend a traffic stop long enough to confirm or dispel his suspicions." *United States v. Johnson*, 482 F. App'x 137, 143 (6th Cir. 2012). When evaluating whether a crime is afoot, law enforcement officers may draw upon their training and experience "to make inferences from and deductions about the cumulative information available to them that might well elude an untrained person." *Shank*, 543 F.3d at 315 (internal quotation omitted). Here, the facts Baum attests to provided the Officers with reasonable suspicion that the car in which Plaintiff was a passenger may have been engaged in drug-related criminal activity. Thus, even assuming *arguendo* the traffic stop was prolonged for purposes of the dog sniff itself, that action was supported by independent reasonable suspicion, and Plaintiff's rights were not violated. Plaintiff presents no evidence to the contrary beyond conclusory statements. *See* Doc. 35, at 8 (asserting the stop "was prolonged" and that there should be "[n]o extension without suspicion").

Thus, the Court finds Defendants have established entitlement to summary judgment on Plaintiff's claim that the traffic stop was unconstitutionally prolonged.

*Search of Plaintiff's Belongings*

Finally, Plaintiff contends the officers searched her purse without probable cause. (Doc. 35, at 4-5). First, the Court previously explained that a drug dog's alert is sufficient to establish probable cause to search a vehicle. *See* Doc. 20, at 13 (first citing *United States v. Sharp*, 689 F.3d 616, 618 (6th Cir. 2012); and then citing *Nykoriak v. Wileczek*, 666 F. App'x 441, 445 (6th Cir. 2016)). Pursuant to the Court's Memorandum Opinion and Order resolving Defendants' Motions to Dismiss, the search of the vehicle is no longer a live claim. *See id.* at 16. Second, even if the question were still before the Court, the Supreme Court has explicitly held "police officers with probable cause to search a car may inspect passengers' belongings found in the car

that are capable of concealing the object of the search." *Wyoming v. Houghton*, 526 U.S. 295, 307 (1999). Plaintiff presents no argument that her purse was not capable of concealing the object of the search—controlled substances.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendants' Motion for Summary Judgment (Doc. 30) be, and the same hereby is, GRANTED; and it is

FURTHER CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision could not be taken in good faith.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: October 30, 2026